## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** 08- |
| v. | : | DATE FILED: 09/04/2008 |
| **NAM QUOC NGUYEN** | : | **VIOLATIONS:** |
| **JOSEPH T. LUKAS** | | 18 U.S.C. § 371 (conspiracy to violate the |
| **KIM ANH NGUYEN** | : | Foreign Corrupt Practices Act - 1 count) |
| **AN QUOC NGUYEN,** | | 15 U.S.C. § 78dd-2(a) (Foreign Corrupt |
| a/k/a "Andrew Nguyen," | : | Practices Act - 4 counts) |
| a/k/a "Ethan Roberts" | | 18 U.S.C. § 2 (aiding and abetting) |
| **NEXUS TECHNOLOGIES, INC.** | | |

### INDICTMENT

### COUNT ONE

**(Conspiracy to Violate the Foreign Corrupt Practices Act)**

**THE GRAND JURY CHARGES THAT:**

#### BACKGROUND

At all times material to this indictment unless otherwise alleged:

1.      The Foreign Corrupt Practices Act of 1977 ("FCPA"), as amended, Title 15, United States Code, Sections 78dd-1, *et seq.*, was enacted by Congress for the purpose of, among other things, making it unlawful for certain classes of persons and entities to act corruptly in furtherance of an offer, promise, authorization, or payment of money or anything of value to a foreign government official for the purpose of securing any improper advantage, or of assisting in obtaining or retaining business for, or directing business to, any person.

**A.     Defendants**

2.     Defendant NEXUS TECHNOLOGIES, INC. ("NEXUS TECHNOLOGIES") was a Delaware company with offices in New Jersey and Pennsylvania, and thus a "domestic concern" within the meaning of the FCPA, 15 U.S.C. § 78dd-2(h)(1)(A), and also maintained an office in the Socialist Republic of Vietnam ("Vietnam").  Defendant NEXUS TECHNOLOGIES purchased items from United States vendors for buyers in Vietnam. Customers of defendant NEXUS TECHNOLOGIES in Vietnam consisted of various Vietnamese government agencies, including the commercial arms of Vietnam's Ministry of Transport, Ministry of Industry, and Ministry of Public Safety.  Defendant NEXUS TECHNOLOGIES purchased and then exported a wide variety of equipment and technology to its customers in Vietnam, including but not limited to underwater mapping equipment, bomb containment equipment, helicopter parts, chemical detectors, satellite communication parts, and air tracking systems.

3.     Defendant NAM QUOC NGUYEN was a citizen of the United States and thus a "domestic concern" within the meaning of the FCPA, 15 U.S.C. § 78dd-2(h)(1)(A). Defendant NAM QUOC NGUYEN was the founder and President of defendant NEXUS TECHNOLOGIES.  He ran the Vietnamese side of the business, responsible primarily for obtaining business from and negotiating contracts with potential customers in Vietnam.

4.     Defendant JOSEPH T. LUKAS was a citizen of the United States and thus a "domestic concern" within the meaning of the FCPA, 15 U.S.C. § 78dd-2(h)(1)(A).  Defendant LUKAS was engaged in a joint venture with defendant NEXUS TECHNOLOGIES in the United States through at least in or about October 2005.  His duties included oversight of the New

Jersey office of defendant NEXUS TECHNOLOGIES, and identifying and negotiating with potential suppliers in the United States.

5.	Defendant KIM ANH NGUYEN was a citizen of the United States and thus a "domestic concern" within the meaning of the FCPA, 15 U.S.C. § 78dd-2(h)(1)(A). Defendant KIM ANH NGUYEN was employed by defendant NEXUS TECHNOLOGIES in the United States.  Her duties included identifying and negotiating with potential suppliers in the United States, and handling the finances of defendant NEXUS TECHNOLOGIES, including transfers of money.

6.	Defendant AN QUOC NGUYEN, a/k/a "Andrew Nguyen," a/k/a "Ethan Roberts," was a citizen of the United States and thus a "domestic concern" within the meaning of the FCPA, 15 U.S.C. § 78dd-2(h)(1)(A).  Defendant AN QUOC NGUYEN was employed by defendant NEXUS TECHNOLOGIES in the United States.  His duties included identifying and negotiating with potential suppliers in the United States, and arranging for shipments of goods from suppliers to freight forwarders and customers.

**B.	Entities**

7.	Vietnam's Ministry of Transport was a department, agency, and instrumentality of the Government of Vietnam.  The Ministry of Transport controlled at least two customers of defendant NEXUS TECHNOLOGIES, Vung Tau Airport ("VTA"), an airport located in Vietnam, and Southern Flight Management Center ("SFMC"), a business engaged in the aviation industry in Vietnam.  Accordingly, VTA and SFMC were departments, agencies, or instrumentalities of the Government of Vietnam within the meaning of the FCPA, 15 U.S.C. § 78dd-1(f)(1)(A).

8. Vietnam's Ministry of Industry was a department, agency, and instrumentality of the Government of Vietnam. The Ministry of Industry controlled at least two customers of defendant NEXUS TECHNOLOGIES, Vietsovpetro Joint Venture ("VSP"), and Petro Vietnam Gas Company ("PVGC"), both of which were engaged in the petroleum industry in Vietnam. Accordingly, VSP and PVGC were departments, agencies, or instrumentalities of the Government of Vietnam within the meaning of the FCPA, 15 U.S.C. § 78dd-1(f)(1)(A).

9. Vietnam's Ministry of Public Safety was a department, agency, and instrumentality of the Government of Vietnam. The Ministry of Public Safety controlled at least one customer of defendant NEXUS TECHNOLOGIES, Tourism and Trading Company ("T&T"). Accordingly, T&T was a department, agency, or instrumentality of the Government of Vietnam within the meaning of the FCPA, 15 U.S.C. § 78dd-1(f)(1)(A).

10. The FCPA defines the term "foreign official" to include any officer or employee of a foreign government or any department, agency, or instrumentality thereof, or any person acting in an official capacity for or on behalf of any such government or department, agency, or instrumentality, 15 U.S.C. § 78dd-(f)(1)(A); thus any employee of VTA, SFMC, VSP, PVGC, and T&T is a "foreign official" under the FCPA.

11. A company known to the grand jury, located in Hong Kong, People's Republic of China ("Hong Kong Company," or "HKC"), which maintained a bank account in Hong Kong, was used by defendant NEXUS TECHNOLOGIES to facilitate the payment of bribes to and for the benefit of Vietnamese government officials.

## THE CONSPIRACY

12. From in or about 1999 through in or about May 2008, in the Eastern District of Pennsylvania and elsewhere, defendants

**NAM QUOC NGUYEN,
JOSEPH T. LUKAS,
KIM ANH NGUYEN,
AN QUOC NGUYEN,
a/k/a "Andrew Nguyen,"
a/k/a "Ethan Roberts," and
NEXUS TECHNOLOGIES, INC.**

together with others known and unknown to the grand jury, unlawfully and knowingly conspired and agreed to commit an offense against the United States, that is, being citizens of the United States and domestic concerns within the meaning of the FCPA, to willfully make use of means and instrumentalities of interstate and international commerce, corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to foreign officials of Vietnam, for purposes of: (i) influencing acts and decisions of such foreign officials in their official capacity; (ii) inducing such foreign officials to do and omit to do acts in violation of the lawful duties of such officials; (iii) securing an improper advantage; and (iv) inducing such foreign officials to use their influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist defendants and others known and unknown to the grand jury, in obtaining and retaining business for and with, and directing business to, defendant NEXUS TECHNOLOGIES, in violation of Title 15, United States Code, Section 78dd-2(a).

**MANNER AND MEANS**

It was part of the conspiracy that:

13. Defendant NAM QUOC NGUYEN obtained lucrative contracts for defendant NEXUS TECHNOLOGIES from Vietnamese governmental agencies by agreeing to pay bribes, typically described as "commissions," to foreign officials employed by such agencies, which bribes totaled at least $150,000.

14. Defendants NAM QUOC NGUYEN, JOSEPH T. LUKAS, KIM ANH NGUYEN, and AN QUOC NGUYEN established relationships with Vietnamese government officials, typically described as "supporters," who in exchange for the bribes gave defendant NEXUS TECHNOLOGIES business by providing confidential information, rigging bids, and other means.

15. Defendants JOSEPH T. LUKAS, KIM ANH NGUYEN, and AN QUOC NGUYEN paid and caused to be paid bribes to Vietnamese government officials as directed by defendant NAM QUOC NGUYEN.

16. Defendants NAM QUOC NGUYEN, KIM ANH NGUYEN, and AN QUOC NGUYEN paid and caused to be paid bribes to HKC, which then funneled the funds to Vietnamese government officials.

17. Defendants NAM QUOC NGUYEN, JOSEPH T. LUKAS, KIM ANH NGUYEN, and AN QUOC NGUYEN at times mischaracterized and concealed the bribe payments in the books and records of defendant NEXUS TECHNOLOGIES to prevent detection.

**OVERT ACTS**

In furtherance of the conspiracy, defendants NAM QUOC NGUYEN, JOSEPH T. LUKAS, KIM ANH NGUYEN, AN QUOC NGUYEN, and NEXUS TECHNOLOGIES, and others known and unknown to the grand jury, committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

**A.      Corrupt Dealings With Southern Flight Management Center ("SFMC") Officials**

1. In or about February 2004, defendant NEXUS TECHNOLOGIES negotiated a contract valued in excess of $14,000 to sell computer workstations to SFMC.

2. On or about June 29, 2004, defendant NAM QUOC NGUYEN sent an email to defendants KIM ANH NGUYEN and JOSEPH T. LUKAS asking to be informed when they were paid on the contract so that the "commission" could be paid.

3. On or about August 11, 2004, defendant NAM QUOC NGUYEN sent an email to defendant KIM ANH NGUYEN, stating that, "SFMC could have bought this . . . equipment from a local dealer for cheaper than ours. But they agreed to buy from us since we can . . . agree for them to add into the contract a fat markup for themselves."

4. On or about August 13, 2004, defendant NAM QUOC NGUYEN sent another email to defendant KIM ANH NGUYEN, directing her to send the associated "commission" payment to HKC, and confirmed that HKC would disburse the funds to the correct foreign official.

5. On or about August 13, 2004, defendant KIM ANH NGUYEN sent an email back to NAM QUOC NGUYEN, requesting clarification of the calculation of the "commission" owed to an SFMC official as a result of the contract for workstations.

6. On or about August 13, 2004, defendant NAM QUOC NGUYEN sent an email back to defendant KIM ANH NGUYEN, confirming that the "commission" should be wired to HKC.

### B. Corrupt Dealings With Petro Vietnam Gas Company ("PVGC") Officials

7. On or about October 17, 2000, defendant JOSEPH T. LUKAS sent an email to defendant NAM QUOC NGUYEN regarding a proposal to pay a "supporter" of defendant NEXUS TECHNOLOGIES in PVGC a "commission," with the statement, "Cool. Do it. Confirmed L/C we cannot lose."

8. On or about October 18, 2001, defendant JOSEPH T. LUKAS sent an email to defendant NAM QUOC NGUYEN noting that defendant NEXUS TECHNOLOGIES had received a payment from PVGC that was less than expected, and suggesting that the shortage be taken out of the "commission."

9. On or about January 27, 2003, defendant JOSEPH T. LUKAS sent an email to defendant NAM QUOC NGUYEN noting that he had changed "commissions" to "subcontract fee" in the books and records of defendant NEXUS TECHNOLOGIES.

10. On or about August 13, 2004, with regard to a contract to supply spare parts to PVGC, defendant KIM ANH NGUYEN emailed defendant NAM QUOC NGUYEN and asked whether the "commission payout" should be wired to HKC.

11. On or about August 13, 2004, defendant NAM QUOC NGUYEN responded to defendant KIM ANH NGUYEN with an email marked as "URGENT," directing defendant KIM ANH NGUYEN to wire HKC a $9,798.40 "commission payout" for an official within PVGC in exchange for the PVGC spare parts deal "TODAY."

### C.  Corrupt Dealings With Vung Tau Airport ("VTA") Officials

12. On or about October 24, 2001, defendant JOSEPH T. LUKAS emailed defendant NAM QUOC NGUYEN regarding the breakdown of costs on a particular contract with VTA, asking how many "commissions" would be paid on the contract.

13. On or about October 25, 2001, defendant NAM QUOC NGUYEN sent an email to defendant JOSEPH T. LUKAS, stating that an official within VTA had "demand[ed] commissions" for all sales.

14. In or around November 2004, defendant JOSEPH T. LUKAS signed a contract with VTA for the sale of air traffic system equipment.

15. In or about the summer of 2005, defendant NAM QUOC NGUYEN emailed defendant KIM ANH NGUYEN regarding a contract with VTA, instructing her to wire 10% of the total contract value to HKC, so that HKC could pay the "commission" on the contract, that is, approximately $18,854.

16. On or about August 4, 2005, defendant KIM ANH NGUYEN caused $18,854 to be sent via international wire transfer from the bank of NEXUS TECHNOLOGIES in Philadelphia, Pennsylvania to HKC's bank in Hong Kong.

17. On or about April 26, 2006, defendant NAM QUOC NGUYEN emailed defendant KIM ANH NGUYEN, and said that a VTA official wanted a payment on the commission associated with the air tracking system contract.

18. On or about May 14, 2006, defendant NAM QUOC NGUYEN emailed defendant KIM ANH NGUYEN, directing her to transfer funds to HKC for payment of the bribe owed to the VTA official for the air tracking system contract.

19. On or about May 23, 2006, defendant KIM ANH NGUYEN caused $63,360 to be sent via international wire transfer from the bank of defendant NEXUS TECHNOLOGIES in Philadelphia, Pennsylvania, to HKC's bank in Hong Kong, part of which was to be used to pay the bribe associated with the air tracking system contract.

20. On or about December 22, 2006, defendant NAM QUOC NGUYEN emailed defendant KIM ANH NGUYEN, directing her to transfer $14,200 to HKC for a VTA official's "2nd commission payment."

21. On or about December 22, 2006, defendant KIM ANH NGUYEN caused $14,200 to be sent via international wire transfer from the bank of defendant NEXUS TECHNOLOGIES in Philadelphia, Pennsylvania, to HKC's bank in Hong Kong, which was to be used to make another payment to a VTA official for the air tracking system contract.

**D.     Corrupt Dealings with Vietsovpetro Joint Venture ("VSP") Officials**

22. On or about December 11, 2000, defendant JOSEPH T. LUKAS emailed defendant NAM QUOC NGUYEN, requesting the exact amount of "commissions" paid to VSP so that he could record them in the books of defendant NEXUS TECHNOLOGIES.

23. On or about December 13, 2000, defendant NAM QUOC NGUYEN sent an email to defendant JOSEPH T. LUKAS, stating "I striked [sic] the deal with the [VSP] tech people today. For 15% commission, we are GUARANTEED to be the supplier."

24. On or about April 15, 2002, defendant NAM QUOC NGUYEN sent an email to defendant JOSEPH T. LUKAS, stating "We need to take care of commissions for . . . VSP. I want to make sure everyone is happy here. It will be good for our (financial) health."

25.     On or around May 2, 2003, defendant JOSEPH T. LUKAS signed a contract valued in excess of $500,000 with VSP for the purchase of a hydraulic jacking system.

26.     On or about January 16, 2006, defendant NAM QUOC NGUYEN sent an email to various employees of defendant NEXUS TECHNOLOGIES, including defendants KIM ANH NGUYEN and AN QUOC NGUYEN, regarding a potential contract to sell VSP a wheel shot blast, declining to discuss the "commission" over email, suggesting instead that the matter be discussed via an internet phone call.

27.     In or about March 2006, defendant NEXUS TECHNOLOGIES negotiated the contract to sell a wheel shot blast to VSP.

28.     On or about March 16, 2006, defendant NAM QUOC NGUYEN sent an email to defendant KIM ANH NGUYEN, stating that he had "rigg[ed] the deal" for the wheel shot blast contract, so that two other companies would submit high bids to VSP and defendant NEXUS TECHNOLOGIES would win the contract.

29.     On or about October 26, 2006, defendant NAM QUOC NGUYEN sent an email to defendant KIM ANH NGUYEN regarding another contract with VSP, stating "VSP claimed that we got paid for this contract already.  Please confirm so commission can be disbursed."

30.     On or about September 17, 2007, defendant NAM QUOC NGUYEN sent an email to an employee of defendant NEXUS TECHNOLOGIES in Vietnam, discussing "commissions" owed to officials of various entities including VSP, and stating "Bring the money to my house in the end of the workday.  P.S.  Please note the commission payments as installment payments in your bookkeeping."

**E.**     **Corrupt Dealings with Tourism and Trading Company ("T&T") Officials**

31.     On or about May 10, 2005, defendant NAM QUOC NGUYEN sent an email to KIM ANH NGUYEN, stating that T&T is a commercial arm of a "government (non-commercial) entity" and will import equipment relevant to a safety equipment contract.

32.     On or about May 23, 2005, defendant NAM QUOC NGUYEN caused $22,325 to be sent via international wire transfer from the bank of defendant NEXUS TECHNOLOGIES in Philadelphia, Pennsylvania to HKC's bank in Hong Kong.

33.     On or about May 30, 2005, defendant NEXUS TECHNOLOGIES emailed an official employed by T&T that defendant NEXUS TECHNOLOGIES had wired $22,325 to HKC, and that HKC would wire $21,872 to the official's account after deducting bank fees and a service fee.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FIVE

(Foreign Corrupt Practices Act)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 11 and 13 through 17 of Count One of this indictment are incorporated here.

2. On or about the dates set forth below, in the Eastern District of Pennsylvania and elsewhere, the below-listed defendants, who are citizens of the United States and domestic concerns within the meaning of the FCPA, willfully made use of means and instrumentalities of interstate and international commerce, and aided and abetted such use, corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to any foreign official for purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with foreign governments and instrumentalities thereof to affect and influence acts and decisions of such governments and instrumentalities in order to assist the below defendants, and others known and unknown to the grand jury, in obtaining and retaining business for and with, and directing business to, defendant NEXUS TECHNOLOGIES as described below:

| COUNT | DEFENDANT(S) | APPROX. DATE | DESCRIPTION | INTENDED BENEFICIARY |
|---|---|---|---|---|
| TWO | NAM QUOC NGUYEN<br>NEXUS TECHNOLOGIES | 05/23/2005 | Wire transfer of $22,325 from the account of defendant NEXUS TECHNOLOGIES at Commerce Bank in Philadelphia, PA to the account of HKC at Hong Kong and Shanghai Banking, Hong Kong | Foreign official at T&T |
| THREE | NAM QUOC NGUYEN<br>JOSEPH T. LUKAS<br>KIM ANH NGUYEN<br>NEXUS TECHNOLOGIES | 08/04/2005 | Wire transfer of $18,854 from the account of defendant NEXUS TECHNOLOGIES at Commerce Bank in Philadelphia, PA to the account of HKC at Hong Kong and Shanghai Banking, Hong Kong | Foreign official at VTA |
| FOUR | NAM QUOC NGUYEN<br>KIM ANH NGUYEN<br>NEXUS TECHNOLOGIES | 05/23/2006 | Wire transfer of $63,360 from the account of defendant  NEXUS TECHNOLOGIES at Commerce Bank in Philadelphia, PA to the account of HKC at Hong Kong and Shanghai Banking, Hong Kong | Foreign official at VTA |
| FIVE | NAM QUOC NGUYEN | 12/22/2006 | | |

| | | |
|---|---|---|
| KIM ANH NGUYEN NEXUS TECHNOLOGIES | Wire transfer of $14,200 from the account of defendant NEXUS TECHNOLOGIES at Commerce Bank in Philadelphia, PA to the account of HKC at Hong Kong and Shanghai Banking, Hong Kong | Foreign official at VTA |

In violation of Title 15, United States Code, Section 78dd-2, and Title 18 United States Code, Section 2.

**A TRUE BILL:**

 

_____
**GRAND JURY FOREPERSON**

_____
**LAURIE MAGID**
**Acting United States Attorney**

**STEVEN A. TYRRELL**
**Chief, Fraud Section**
**Criminal Division**
**United States Department of Justice**